# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2010

No. 09-20426
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of:  MICHAEL M. EULER

Debtor

------------------------------

MICHAEL M. EULER

Appellant

v.

MILES MARKS, Trustee, and TEXAS DOW EMPLOYEES
CREDIT UNION

Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-803

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20426

Michael Euler ("Euler") appeals the district court's affirmance of the bankruptcy court's judgment that the foreclosure sale of his home was valid. Finding no error, we affirm.

## I. BACKGROUND

Euler mortgaged his house to Texas Dow Employees Credit Union. When he failed to pay the mortgage note, Texas Dow foreclosed on his home. Euler then filed for bankruptcy which automatically stayed the foreclosure. The bankruptcy court issued an order which permitted the continuance of the automatic stay of foreclosure on the condition that Euler pay Texas Dow post-petition monthly payments in the amount of $594.01 per month and carry casualty insurance on his home. The order further provided that in the event Euler failed to make timely payments or otherwise defaulted, Texas Dow was to give notice of the default to Euler and allow him 10 days to cure the default. If Euler failed to cure the default, the order provided that the automatic stay would terminate without further notice or court action allowing Texas Dow to foreclose on the property in accordance with Texas state law.

Euler failed to keep the home insured and Texas Dow notified him of his default on October 25, 2005. Euler also did not pay Texas Dow the installments for October and November 2005 and he was notified of his default on November 10, 2005. Euler failed to cure his default within 10 days. Texas Dow then filed a notice of termination of the automatic stay with the bankruptcy court and served it on and Euler and his lawyer on November 29, 2005.

On December 12, 2005, in accordance with Texas state law, Texas Dow sent a notice of foreclosure to Euler. *See* TEX. PROP. CODE 51.002(b) (requiring the mortgagee to notify the debtor and public in writing of the foreclosure sale of the debtor's property at least 21 days before the sale). The notice clearly states that a foreclosure sale of the property would take place on January 3, 2006. As stipulated in the notice, the property was sold at foreclosure on January 3, 2006.

No. 09-20426

Before the bankruptcy court, Euler argued that the sale was not valid for three reasons: (1) the stay was not properly lifted; (2) his counsel was not notified of the foreclosure; and (3) he reasonably relied on assurance from Texas Dow that the property would not be sold.  Lastly, Euler argued that he should be entitled to amend his bankruptcy plan.  The bankruptcy court disagreed with Euler and held that the sale was valid and that Euler was not entitled to amend his bankruptcy plan.  Euler then appealed to the district court who affirmed the bankruptcy court's ruling.  This appeal followed.

## II.  DISCUSSION

"We review a district court's affirmance of a bankruptcy court decision by applying the same standard of review to the bankruptcy court decision that the district court applied." *In re Martinez*, 564 F.3d 719, 725-26 (5th Cir. 2009). "We thus generally review factual findings for clear error and conclusions of law de novo." *Id.* at 726 (quoting *In re OCA, Inc.*, 551 F.3d 359, 366 (5th Cir. 2008).

Euler alleges that the district court erred when it affirmed the bankruptcy court's judgment.  We disagree. The automatic stay immediately terminated when Euler failed to fulfill his obligations to Texas Dow as required by the bankruptcy court's order.  Texas Dow fully notified Euler and his counsel of the stay's termination.  After the stay was properly lifted, Texas Dow proceeded to foreclose on the property in accordance with Texas law as Euler and the public were both given 21 day notice of the foreclosure.  *See* 11 U.S.C. § 362(d)(1) (noting that once the automatic stay is lifted, foreclosure can proceed if the foreclosure accords with state law); *see also* TEX. PROP. CODE 51.0002(b). Nothing in Section 51.002 required that notice of the foreclosure be sent to Euler's bankruptcy counsel after the stay was properly lifted.  Furthermore, we find no error in the bankruptcy court's determination that Euler was not entitled to amend his bankruptcy plan because the agreed to order specifically provided that post-petition payments be made to Texas Dow on specific dates.  Lastly, our

3

No. 09-20426

review of the record reveals no writing that would provide a scintilla of evidence that Texas Dow agreed that the foreclosure would be postponed.  Rather, the notice of termination of stay and notice of foreclosure provided to Euler by Texas Dow directly contradict Euler's assertion that the foreclosure would be postponed.

## III. CONCLUSION

For the foregoing reasons, the district court's judgment is affirmed. All pending motions are denied.